UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Jayson Diesenroth

Debtor.
_____/

Case No. 05-41885
Chapter 13
Hon. Marci B. McIvor

## OPINION GRANTING IN PART AND DENYING IN PART TRUSTEE'S OBJECTIONS TO APPLICATION FOR ATTORNEY FEES

This matter came before the Court on the Trustee's Objection to Debtor's Attorney's Application for Attorney Fees. The Trustee objects to the overall fees requested as unreasonable and excessive for the services performed in this Chapter 13 case. He also asserts that professional fees are being sought for work that is clerical in nature and that certain fees and costs are excessive. Having reviewed the fee application and objections thereto, the Court sustains the objections in part and awards Debtor's attorney fees in the amount of $2,677.50 and costs in the amount of $213.71.

### Facts

Debtor Jayson Diesenroth filed a Chapter 13 bankruptcy petition on January 21, 2005. A Plan was confirmed on May 5, 2005. On July 18, 2005, Debtor's attorney filed her First Application for Approval of Payment of Attorney Fees Pursuant to LBR 2016-2 and 9014-1 From October 12, 2004 Through July 5, 2005. The Trustee filed objections to the fee application asserting that the overall fees requested are unreasonable in light of the services rendered in a routine Chapter 13 case. The Trustee also contends that professional fees are sought for clerical work, that copying expenses are excessive, and that a $12.00 parking expense is not a compensable cost.

## Analysis

A. <u>Jurisdiction</u>

This is a core proceeding under 28 U.S.C. § 28 U.S.C. 157(b)(2)(A), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

B. <u>Standard for Awarding Fees</u>

In the Sixth Circuit, the lodestar method is used for calculating fees. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.* Bankruptcy Code § 330(a) codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

2

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

(i) unnecessary duplication of services; or

(ii) services that were not --

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

\*   \*   \*

A bankruptcy court has broad discretion in determining fee awards. *Manf. Nat'l Bank v. Auto Specialities Mfg. Co. (In re Auto Specialities Mfg. Co.)*, 18 F.3d 358 (6th Cir. 1994).

C. Specific Objections to Fees and Costs

Having specifically reviewed the file, the fee application and the objections to fee application, the Court finds that the overall fees requested in the Application (the hourly rate and the number of hours billed) are reasonable.

3

The Trustee objects to entries for professional fees dated February 11, 2005 and July 5, 2005 asserting that the services provided were clerical in nature. (Trustee's Objections ¶¶ 5, 6 and 7). The Trustee cites *In re Woodward East Project, Inc.*, 195 B.R. 372 (Bankr. E.D. Mich. 1996); *In re Pinkins*, 213 B.R. 818 (Bankr. E.D. Mich. 1997) in support of his position.

The Court agrees that attorneys may not bill clients for clerical tasks because those tasks are considered a part of a law firm's overhead. Clerical tasks include filing motions, mailing letters, typing (*Woodward East*, 195 B.R. at 377), opening files, organizing paperwork, entering client information into the system, filing papers, and copying. (*Pinkins*, 213 B.R. at 107). Having reviewed the application and the specific objections thereto, the Court finds that the time entries for February 11, 2005 and July 5, 2005 are not clerical and compensation is warranted.

As to the Trustee's objections to copying costs and parking, the Court finds that the copying costs are reasonable, but that parking is an administrative cost covered by overhead. Counsel's costs are, therefore, reduced by $12.00.

4

## Conclusion

For the reasons stated above, the Court hereby GRANTS in part and DENIES in part Trustee's objections to Debtor's Counsel's fee application. Debtor's Counsel is awarded in the amount of $2,677.50 and costs in the amount of $ 213.71.

Dated: AUG 2 3 2005
Detroit, Michigan

Marci B. McIvor
United States Bankruptcy Judge

cc: Sheryl Shoebottom
David Ruskin

5